IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID WAYNE SCONCE,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN HOGAN,  ATTORNEY GENERAL OF THE STATE OR MONTANA,<br><br>Respondents. | Cause No. CV 23-116-M-DLC<br><br>ORDER |

On October 4, 2023, pro se petitioner David Wayne Sconce ("Sconce") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1 at 9.)[1]  The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

Cases.

### i. Background

On October 26, 2012, following a plea of guilty, this Court sentenced Sconce for one count of possession of a stolen firearm. He received a five-year probationary sentence with the first 90 days to be served on house arrest. (Doc. 1 at 2-3); *see also USA v. Sconce*, CR 12-15-M-DLC, Judg. (D. Mont. Oct. 26, 2012). Sconce asserts that his probationary sentence in this Court should have expired in 2017. He goes on to explain that but for California finding him in violation of his California state probation, his sentence in this Court would not have been held in abeyance. (Doc. 1 at 4.)

Sconce also states that he is currently being supervised by the State of Montana on his California parole, pursuant to an Interstate compact, and his supervision by the federal probation office is duplicative of his state supervision and a "waste of federal resources." (*Id.* at 5.) Sconce also indicates his federal probation prevents him from availing himself of medical marijuana to treat his cancer. (*See* Doc. 2 at 2.) Sconce asks this Court to dismiss the probationary sentence that was originally imposed upon him in 2012. (Doc. 1 at 8.) Sconce acknowledges that he was never convicted of a crime in the Montana state courts. (*Id.* at 4.)

Sconce previously filed a motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255 in this Court.  There, Sconce contended that his custody in California was wrongful because actions taken in this Court by either his probation officer and/or appointed counsel were incomplete and unfair.  This Court denied Sconce relief finding that his allegations did not support relief against either his guilty plea or sentence. *See USA v. Sconce*, CR 12-15-M-DLC, Or. (D. Mont. June 1, 2016).  On July 13, 2023, this Court entered an order, with Sconce's consent, modifying the conditions of his release. *USA v. Sconce*, CR 12-15-M-DLC, Or. (D. Mont. July 13, 2023).

    **ii.**    **Analysis**

As a preliminary matter, 28 U.S.C. § 2254 does not apply in the present matter.  Section 2254 applies when a state prisoner asks a federal court to review the constitutionality of a *state* criminal judgment.  As Sconce acknowledges, there is no Montana state judgment at issue.  Because Sconce appears to challenge the validity of a *federal* criminal judgment, he must proceed, if at all, under 28 U.S.C. § 2255.  *See Lorenstsen v. Hood*, 223 F. 3d 950, 953 (9th Cir. 2000)("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.").  Thus, his petition as filed must be dismissed.

A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F. 3d

952, 955 (9th Cir. 2008).  As noted above, Sconce already filed a § 2255 motion in this Court and there is no indication that he has received permission from the Ninth Circuit to bring a successive § 2255 motion.  Thus, this Court declines to construe Sconce's present filing under § 2255.

### iii.     Motion to Appoint Counsel

Sconce requests the appointment of counsel.  Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.  Counsel may be appointed at any stage of the proceedings if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se.  *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Sconce's case is not so complex that his right to due process will be violated if counsel is not appointed.  Further, Sconce has been able to effectively articulate his claims up to this point.  Sconce does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel.  The request will be denied.

### iv. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Sconce has not made a substantial showing that he was deprived of a federal constitutional right. Further, because there is no state judgment for Sconce to challenge, he cannot proceed in this Court under § 2254. Finally, Sconce has not received permission from the Ninth Circuit to bring a successive § 2255 motion. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Sconce's Petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. Sconce's motion to appoint counsel (Doc. 2) is DENIED.

4. A certificate of appealability is DENIED.

DATED this 10th day of October, 2023.

>  */s/ Dana L. Christensen*
>  Dana L. Christensen
>  United States District Court Judge